UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00010-GNS

JASON WHITSELL                                                                           PLAINTIFF

v.

PARK COMMUNITY CREDIT UNION                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss (DN 13). The motion has been fully briefed by the parties and is ripe for adjudication.

**I.      STATEMENT OF FACTS AND CLAIMS**

Plaintiff Jason Whitsell ("Whitsell") was employed by Defendant Park Community Credit Union ("PCCU") as PCCU's Chief Information Officer from June 1, 2020, until his termination on March 28, 2024. (Am. Compl. ¶ 3, DN 12). Whitsell alleges that he was the only male on the executive team, and that this was remarked upon with some frequency by his colleagues, including PCCU's Chief Legal Officer who mentioned this fact during a meeting. (Am. Compl. ¶ 11). Whitsell was uncomfortable with these remarks and brought them to the attention of PCCU's Chief Executive Officer, Jana Erny ("Erny"). (Am. Compl. ¶ 11). Whitsell also alleges that Erny often commented on her own age and discussed "her perceptions and biases of people based on their ages." (Am. Compl. ¶ 9). These comments, too, made Whitsell uncomfortable because he was over 40 years old and "aware of stereotypes about technology and age." (Am. Compl. ¶ 10). In

1

2023, PCCU hired a new Vice President of Marketing, Brittney Monteith ("Monteith"),[1] who took over marketing responsibilities from Whitsell. (Am. Compl. ¶¶ 15-16). Following a terse exchange with Monteith, Whitsell complained to Erny about Monteith. (Am. Compl. ¶ 18). Shortly after Whitsell lodged his complaint, Erny called a meeting where she questioned Whitsell's performance in advising PCCU about an investment. (Am. Compl. ¶¶ 26-30).

In early 2024, about three months before his exchange with Monteith, Whitsell injured his shoulder. (Am. Compl. ¶ 12). Though he was not aware of the severity of the injury initially, it became evident that he would need surgery. (Am. Compl. ¶¶ 12-13, 19). Whitsell completed FMLA paperwork and had surgery in March 2024, a few weeks after his exchange with Monteith and his meeting with Erny about the investment. (Am. Compl. ¶¶ 21-22, 34). Whitsell returned to work remotely a week after the procedure and was terminated shortly thereafter. (Am. Compl. ¶¶ 37-39).

Whitsell filed this action asserting that PCCU violated the Kentucky Civil Rights Act ("KCRA") by discriminating against him because of his age and gender and retaliating against him for complaining about this discrimination. (Am. Compl. ¶¶ 50-71). He also asserted a claim for violations of the Family and Medical Leave Act ("FMLA"). (Am. Compl. ¶¶ 72-81). PCCU has moved to dismiss Whitsell's KCRA claims. (Def.'s Partial Mot. Dismiss, 1, DN 13). Whitsell opposes the motion. (Pl.'s Resp. Def.'s Partial Mot. Dismiss, DN 14).

## II.    JURISDICTION

Jurisdiction in this action is based on federal question and supplemental jurisdiction. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).

---

[1] There is inconsistency in the parties' briefs as to Monteith's last name. For consistency, the Court will refer to her as "Monteith."

### III. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss, a court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (internal citation omitted) (quoting *Twombly*, 550 U.S. at 557).

### IV. DISCUSSION

#### A. Discrimination Claims

The KCRA prohibits discrimination in employment because of an employee's "race, color, religion, national origin, sex, age forty (40) and over, because the person is a qualified individual with a disability, or because the individual is a smoker or nonsmoker . . . ." KRS 344.040(1)(a). Because of its similarity to Title VII of the federal Civil Rights Act of 1964, courts interpret the anti-discrimination provisions of the KCRA in accordance with the federal law. *See, e.g., Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 347 (6th Cir. 2005); *Bd. of Regents of N. Ky. Univ. v. Weickgenannt*, 485 S.W.3d 299, 306 (Ky. 2016); *Miles v. Ford Motor Co.*, No. 3:23-CV-00014-

GNS, 2023 WL 7646611, at *2 (W.D. Ky. Nov. 14, 2023); *Gray v. Kenton Cnty.*, 467 S.W.3d 801, 805 (Ky. App. 2014). Accordingly, PCCU submits that the *McDonnell Douglas* burden-shifting framework used by courts to evaluate employment discrimination claims arising under federal law should guide the analysis of Whitsell's claims. (Def.'s Partial Mot. Dismiss 6). This is not, however, the correct standard applicable to a motion to dismiss. It is well-established that the prima facie case under the *McDonnell Douglas* "framework is an evidentiary standard, not a pleading standard." *Krueger v. Home Depot USA, Inc.*, 674 F. App'x 490, 493 (6th Cir. 2017) (citing *Swierkiewicz v. Sorema N. Am.*, 534 U.S. 506, 510 (2002)); *see also Morgan v. St. Francis Hosp.*, No. 19-5162, 2019 WL 5432041, at *2 (6th Cir. Oct. 3, 2019) (Griffin, J., concurring in part & dissenting in part) ("[T]he complaint need only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which its rests.'" (quoting *Swierkiewicz*, 534 U.S. at 512)); *Primm v. Dep't of Hum. Servs.*, No. 16-6837, 2017 WL 10646487, at *3 (6th Cir. Aug. 17, 2017) (holding that the trial court erred in requiring a plaintiff to allege a prima facie claim of disability discrimination). "Thus, 'the ordinary rules for assessing the sufficiency of a complaint apply.'" *Pedreira v. Ky. Baptist Homes for Children*, 579 F.3d 722, 728 (6th Cir. 2009) (quoting *Swierkiewicz*, 534 U.S. at 511).

Under these "ordinary rules" for assessing a plaintiff's claims upon a motion to dismiss, the "plausibility" standard laid out in *Twombly* and *Iqbal* applies. *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 462-63 (6th Cir. 2015). "If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012). Thus, Whitsell only needs to plead facts necessary for the Court to infer that he faced a negative employment action and was treated differently because he was male, he was over 40 years of age, or both. *See Savel v.*

4

*MetroHealth Sys.*, 96 F.4th 932, 943 (6th Cir. 2024) (to survive a 12(b)(6) motion in a religious discrimination case, plaintiffs "just need to plausibly allege that they were denied a religious accommodation and treated differently because of their religion").

The plausibility standard established in *Twombly* and *Iqbal* applies to the causation element of discrimination claims. *Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013) (citing *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 612 (6th Cir. 2008)). To survive a motion to dismiss, a plaintiff must plead facts making it plausible that he suffered an adverse employment action as a "result" of his membership in a protected class. *See id.* at 626-27 (dismissing discrimination claim because "[p]laintiff provides no facts that would allow a court to infer that the adverse employment action at issue was a result of his race or gender."). Here, even though Whitsell correctly asserts that he need not make out a prima facie case under the *McDonnell Douglas* framework to survive PCCU's 12(b)(6) motion, he still fails to plead facts making either his age or gender discrimination claims plausible. There are no facts from which the Court, "informed by its judicial experience and common sense[,] could draw the reasonable inference" that PCCU discriminated against Whitsell because of his gender or age. *Keys*, 684 F.3d at 610 (internal quotation marks omitted). Whitsell has cited instances in which the age and gender of his coworkers being discussed, as well as his own age relative to those coworkers, but he has not connected those instances to his termination or any other negative action taken against him during his employment.

    1.    *Gender Discrimination*

Whitsell pleads no facts to show his termination or any other adverse actions were a result of gender discrimination by PCCU. Whitsell alleges that, due to his gender, he faced "adverse employment actions . . . including loss of opportunity and disparate treatment when compared to

female counterparts through increased scrutiny, work product sabotage, and ultimately discharge." (Am. Compl. ¶ 54). To support this claim, Whitsell cites an interaction with a female colleague, Monteith, who allegedly reacted negatively when Whitsell informed her that PCCU would be unable to offer counseling at a community event. (Am. Compl. ¶¶ 15, 18). He then complained of Monteith's behavior to Erny. (Am. Compl. ¶ 15). Whitsell alleges that in response to his complaint, his job performance was publicly questioned by Erny. (Am. Compl. ¶¶ 30-32). Additionally, two other executives "mused" that this scrutiny was in response to his complaint. (Am. Compl. ¶ 32). Adverse action from someone of the opposite gender does not, without further evidence of causation, make a plausible claim of gender discrimination. *See Han*, 541 F. App'x at 626-27. Whitsell fails to plead facts tying his gender to the adverse actions he alleges occurred. Even the colleagues who said that the negative treatment was related to his complaint about Monteith did not suggest that gender played a role, merely that Monteith was favored by Erny. (Am. Compl. ¶¶ 18, 32).

Whitsell also references a meeting where PCCU's general counsel noted the fact that Whitsell was the only male on PCCU's executive team. (Am. Compl. ¶ 11). He does not allege that this fact was commented upon negatively, only that it was acknowledged. (Am. Compl. ¶ 11). This alone does not support an inference that discrimination occurred because Whitsell fails to tie this alleged comment to any adverse action taken by PCCU.

Similarly, Whitsell's allegations of unequal treatment do not give rise to an inference of discrimination. Whitsell states that he was treated differently from similarly situated female coworkers, but he fails to allege any differences in treatment and that those differences were because of gender. (Am. Compl. ¶ 56). A plaintiff at this phase need not identify specific comparators but does need to plead facts that lead to an inference of differential treatment between

6

similarly situated employees. *See Bajestani v. Tenn. Valley Auth.*, 61 F. Supp. 3d 759, 763 (E.D. Tenn. 2014) (dismissing discrimination claim because plaintiff "failed . . . to show that he was treated differently than similarly situated employees"). Whitsell fails to plead any facts to support such an inference. He seems to suggest that Monteith was treated better than him but, again, he alleges no facts that make it plausible that this comparatively favorable treatment was based on a protected classification. (Am. Compl. ¶¶ 18, 32, 44). Without this, Whitsell has not pleaded a plausible claim of gender discrimination based on disparate treatment.

Despite Whitsell's numerous suggestions of gender discrimination, he fails to plead facts making it plausible that discrimination by PCCU was the cause of his termination and the other alleged adverse actions. Accordingly, Whitsell's claim of gender discrimination under the KCRA is dismissed without prejudice.

### 2. *Age Discrimination*

Whitsell also fails to plead sufficient facts to support a plausible claim of age discrimination. He alleges, as he does in his gender discrimination claim, that due to his age he faced "adverse employment actions [including] loss of opportunity, sabotage of work product, and disparate treatment when compared with younger comparators, increased scrutiny, and ultimately discharge." (Am. Compl. ¶ 68). To support this claim, Whitsell alleges that Erny often "drew attention to age," discussed her own age as it compared to other chief executives, and commented about her "perceptions and biases" towards others based on their age. (Am. Compl. ¶ 9). Whitsell pleads that these remarks made him uncomfortable, as "he was aware of stereotypes about technology and age." (Am. Compl. ¶ 10). Whitsell does not allege that Erny or anyone else employed by PCCU ever referenced these stereotypes or commented negatively about his age. Whitsell does not plead facts tying Erny's remarks to any negative employment action taken

towards him, nor does he allege facts plausibly support a claim that he was discriminated against because of his age.

Accordingly, Whitsell's claim of age discrimination under the KCRA is dismissed without prejudice.

### B.     Retaliation Claims

Whitsell also alleges that he was retaliated against in violation of the KCRA. The KCRA prohibits an employer from "retaliat[ing] or discriminat[ing] in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter . . . ." KRS 344.280(1). As with Whitsell's other KCRA claims, a KCRA retaliation claim is evaluated under the same standard as a federal Title VII claim. *Vanover v. Samsung HVAC, LLC*, No. 3:17-CV-494-DJH-RSE, 2018 WL 6251386, at *3 (W.D. Ky. Nov. 29, 2018) (quoting *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 504 (6th Cir. 2014)). At the motion to dismiss stage, the plaintiff need not plead a prima facie case of retaliation, but "must allege facts that establish a plausible claim to relief." *Carrethers v. Speer*, 698 F. App'x 266, 270 (6th Cir. 2017) (citing *Keys*, 684 F.3d at 609-10). If the plaintiff does not allege that he contested an unlawful employment practice, then he has not stated a claim upon which relief can be granted. *See Krueger v. Home Depot USA, Inc.*, 674 F. App'x 490, 495 (6th Cir. 2017) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 (6th Cir. 1989)).

Whitsell pleads that his "statement to the Defendant that he was being discriminated against because of his gender is a protected activity under the [KCRA]." (Am. Compl. ¶ 60). This statement is conclusory, as Whitsell never alleges that he made such a complaint until after he was

8

fired. (Am. Compl. ¶¶ 39, 44). Whitsell does plead that he complained to Erny about both Monteith's terse interaction and other members of the executive team mentioning his gender. (Am. Compl. ¶¶ 11, 15). Neither of these statements constitute a complaint about gender discrimination. "Making abusive remarks is not illegal under the KCRA," nor is merely commenting on a colleague's gender. *Krueger*, 674 F. App'x at 495 (citing KRS 344.280). In making these reports to Erny, Whitsell was not contesting any unlawful employment practices. Accordingly, Whitsell has failed to state a claim of retaliation arising from these complaints.

Whitsell has similarly failed to state of claim of retaliation arising from his supposed "request for accommodations for his disability." (Am. Compl. ¶ 61). Whitsell proposes in his Response Brief that, while not specifically mentioned in the statutory provision prohibiting retaliation, requesting accommodation is protected activity. This may be true, but Whitsell has not pleaded that he made any request for accommodation. While he did send a message "alerting" PCCU to his injuries and need for surgery, nowhere in his Amended Complaint does Whitsell allege that he asked for any accommodation.[2] He requested time off to have surgery under the FMLA and later had to work remotely following his recovery, but Whitsell does not allege that he requested any accommodation from PCCU for his injury. Without an allegation that Whitsell requested accommodation, his retaliation claim cannot proceed under this theory.

Whitsell also claims he was retaliated against for requesting leave under the FMLA. (Am. Compl. ¶ 61). Whitsell has sufficiently pleaded that he requested FMLA leave to have surgery on his shoulder. (Am. Compl. ¶ 21). A request for leave under the FMLA, however, is not a protected

---

[2] Whitsell does allege that he made such a request in his response, but it is improper for a court, in deciding a 12(b)(6) motion to consider facts not contained in the complaint. (Pl.'s Resp. Def.'s Partial Mot. Dismiss 6-7). A plaintiff may not "amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Bates v. Green Farms Condo Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020).

employment action under the KCRA retaliation provision. *See Stanley v. Haier US Appliance Sols., Inc.*, No. 3:19-CV-00640-CRS, 2020 WL 718232, at *2 (W.D. Ky. Feb. 12, 2020) ("Taking FMLA leave is not a protected activity for the purposes of the KCRA anti-retaliation provision."); *Carter v. Union Coll.*, No. 6:21-150-KKC, 2023 WL 4605032, at *8 (E.D. Ky. July 18, 2023) ("To the extent that Plaintiff requested these accommodations pursuant to the FMLA, '[t]aking FMLA leave is not a protected activity for the purposes of the KCRA anti-retaliation provision.'" (alteration in original) (quoting *Marrero-Perez v. Yanfeng US Auto Interior Sys. II LLC*, No. 3:21-CV-645-RGJ, 2022 WL 4368165, at *4 (W.D. Ky. Sept. 21, 2022))). Again, because Whitsell does not allege that he engaged in activity protected by the KCRA, his state law retaliation claim cannot proceed.

Whitsell has not sufficiently plead that he was retaliated against because he took a protected action. Accordingly, his claim of retaliation under the KCRA is dismissed without prejudice.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (DN 13) is **GRANTED**, and Plaintiff's claims asserted in Count One, Count Two, and Count Three are **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

September 23, 2025

cc:    counsel of record